UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRI L. CABLE, Personal
Representative of the ESTATE OF
WILBURN LLOYD BRANNON, Deceased,

Case No. 10-cv-10972

HONORABLE STEPHEN J. MURPHY, III

Plaintiff,

v.

FIREMAN'S FUND INSURANCE CO., a
California corporation,

Defendant.
                                                    /

**ORDER GRANTING MOTION TO REMAND AND AMENDED
MOTION TO REMAND** (docket nos. 7 & 8) **AND
DENYING FIREMAN'S FUND INSURANCE CO.'S
MOTION TO DISMISS** (docket no. 5) **AS MOOT**

Sherri Cable filed this declaratory judgment action on behalf of the estate of her late husband, Wilburn Lloyd Brannon, against Fireman's Fund Insurance Co. ("FFI") on February 3, 2010, in Wayne County Circuit Court. She seeks to recover damages from FFI on the theory that they provided general business and automotive insurance to the defendants in a wrongful death lawsuit filed by Cable that remains pending in the state court system. FFI timely filed a Notice of Removal to this Court after being served with Cable's complaint. Cable opposes the removal, claiming that her suit is a "direct action" under 28 U.S.C. § 1332(c)(1), and the underlying insured parties, like Cable, are Michigan citizens. If true, this argument destroys the complete diversity required to bring state law claims in federal court. *See* 28 U.S.C. § 1332(a). The Court agrees that the direct action exception applies in this case. Accordingly, it will grant Cable's motion to remand the

action. Because the Court does not have jurisdiction, it will also deny FFI's motion to dismiss the case under Fed. R. Civ. P. 12(b)(6) as moot.

A defendant may remove his or her case to federal court if "the district courts of the United States have original jurisdiction" over the case. 28 U.S.C. § 1441(a). The burden is on the party removing the action to demonstrate the existence of federal jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

The parties agree that, on the surface, this is an action that could have been filed in federal court. FFI is a California corporation with its primary place of business in California; Cable is a Michigan domiciliary. Cable's argument in her motion to remand is that her case is an exception to the general rule because it is a direct action against an insurer, under 28 U.S.C. § 1332(c)(1). A direct action is a statutory remedy permitting a victim to bring a lawsuit against an insured tortfeasor's insurance company, without joining the insured to the action. *Ford Motor Co. v. Ins. Co. of N. Am.*, 669 F.2d 421, 424 (6th Cir. 1982). These provisions created a loophole for parties seeking a federal forum, because they permit a purely intrastate claim to be transformed into a diversity action based solely on the location of the insurance company of the insured party. *Id.* Congress added § 1932(c)(1) to shut down this loophole. *Henderson v. Selective Ins. Co.*, 369 F.2d 143, 149 (6th Cir. 1966) (recognizing that Congress created the direct action provision because "state [direct action] statutes often created a diversity, increasing the case burden on the federal courts, which would not arise had the case been brought directly against the insured."). It provides, in relevant part,

> that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business

2

28 U.S.C. § 1332(c)(1).

In this case, FFI insures Gregory Singh Chahil and his business, Celebrity Sound & Lighting ("CSL"), against whom Cable filed the wrongful death action in Wayne County Circuit Court. Chahil is domiciled in Michigan. Because Cable sued FFI directly, she claims that this is a direct action and that FFI must assume Chahil's Michigan citizenship under § 1332(c)(1), destroying complete diversity.

The Court agrees that Cable's suit should be treated as a direct action. Michigan has a no-fault automobile insurance scheme. *See* Michigan No-Fault Insurance Act ("MNFIA"), Mich. Comp. Laws §§ 500.3101–3179. While the phrase "direct action" is not expressly defined by statute, the Sixth Circuit has held that the MNFIA creates "'a species of direct action.'" *Ford Motor*, 669 F.2d at 425 (quoting *McMurry v. Prudential Prop. & Cas. Ins. Co.*, 458 F. Supp. 209 (E.D. Mich. 1978)). While Cable fails to mention the no-fault insurance provisions specifically in her motion to remand or in her complaint, the underlying facts of the wrongful death action Cable filed in state court sound in negligent operation of a motor vehicle, and it is uncontested that FFI provided "a commercial insurance policy covering [CSL and Chahil] for general and automobile liability." Not. of Rem. 8.

FFI focuses on Cable's shortcomings in pleading and brief writing, but given the underlying facts of the case, and Cable's repeated insistence that *Ford* is the governing law, this is a flimsy argument.[1] It is *FFI*'s responsibility, on a motion to remand, to show that federal court jurisdiction *is* proper. *See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1999) ("The removal petition is to

---

[1] There is no authoritative guidance on how one *should* invoke the MNFIA to establish a "direct action." In *McMurry*, the court did not identify a specific clause of the statute that created it. In *Ford*, the court carefully pieced together the action from two different sections of the statutory scheme. *Ford*, 669 F.2d at 422–23. While Cable's method of pleading and arguing the direct action was *inartful*, FFI has not shown that it was *ineffective*.

be strictly construed, with all doubts resolved against removal."). FFI more or less concedes that *Ford* is the governing law in this case, aside from Cable's shortcomings in pleading. A dispute over whether an out-of-state insurer is directly liable to a party involved in a dispute between non-diverse parties is precisely the sort of dispute Congress meant to keep out of federal court by enacting § 1332(c)(1). The styling of that action by counsel cannot trump the substantive content of the underlying action.

Much of FFI's brief is dedicated to a recital of arguments in a motion to dismiss it filed with the Court, contesting Cable's ability to bring a direct action under Michigan law and the terms of the insurance contract. Def Res. Mot. Remand, Ex. B, at 7–9, 11–14. These arguments do not disturb the Court's holding that *Ford Motor* is the law governing this case, and that the Court lacks jurisdiction over this matter. FFI has not shown that Cable's claims are so utterly lacking in merit that the basis for her jurisdictional arguments is fraudulent. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (holding that if there is some "colorable basis for predicting that a plaintiff may recover against non-diverse defendants," a case cannot be removed because of the allegedly fraudulent nature of claims supporting jurisdiction). Furthermore, the Court is troubled by FFI's attempt to disguise a motion to dismiss as a removal action. If FFI remains concerned about the legal soundness of Cable's claim, the proper recourse is to file a motion to dismiss the case in state court. *See* Mich. Ct. R. 2.116(C)(8) (permitting summary disposition of a case when plaintiff fails to "state a claim on which relief can be granted").

**WHEREFORE**, it is hereby **ORDERED** that Cable's Motion to Remand (docket no. 7) and Amended Motion to Remand (docket no. 8) are **GRANTED**. In addition, FFI's Motion to Dismiss (docket no. 6) is **DENIED AS MOOT**.

It is further **ORDERED** that this action is **REMANDED** to Wayne County Circuit Court, Michigan. The Clerk of the Court shall mail to the clerk of the Wayne County Circuit Court a certified copy of this order. *See* 28 U.S.C. § 1447(c).

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 1, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager